UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN R.S. DOE**,

    Plaintiff,

vs.

**THE UNIVERSITY OF MICHIGAN**,

and

**THE REGENTS OF THE UNIVERSITY OF MICHIGAN** (official capacity only);

    Defendants.

Case No: 21-cv-12500
Hon. Denise Page Hood
Mag. Kimberly G. Altman

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

---

# **PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, by and through his attorneys Deborah Gordon Law, moves this Court for permission to bring this action under the pseudonym John R.S. Doe for the purpose of protecting his identify from public disclosure.

Plaintiff submits this Motion prior to the filing of an appearance by Defendants or their counsel in this action. As such, Plaintiff is unable to obtain concurrence at this time.

WHEREFORE, Plaintiff respectfully requests that this Court grant his *Ex Parte* Motion to Proceed under Pseudonym and enter the proposed protective order attached as **Exhibit A** to this Motion.

Respectfully submitted,

Dated:  October 25, 2021    **DEBORAH GORDON LAW**

/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN R.S. DOE**,

    Plaintiff,

vs.                                                      Case No: 21-cv-12500
                                                        Hon. Denise Page Hood
**THE UNIVERSITY OF MICHIGAN**,     Mag. Kimberly G. Altman

and

**THE REGENTS OF THE
UNIVERSITY OF MICHIGAN** (official
capacity only);

    Defendants.
_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
_____

**PLAINTIFF'S BRIEF IN SUPPORT OF EX-PARTE MOTION
TO PROCEED UNDER PSEUDONYM**

## INTRODUCTION

Plaintiff in this case brings claims concerning sexual assault and sexual harassment he experienced as a young college student at the University of Michigan. To protect his privacy and safeguard his reputation and personal and professional standing in the community, Plaintiff seeks to proceed with this litigation under the pseudonym Plaintiff John R.S. Doe.

## FACTS

For over thirty years, Dr. Robert E. Anderson ("Dr. Anderson"), a prolific sexual predator, was granted unfettered access to students, student athletes, and other adults and minors in multiple communities across the State of Michigan by the University of Michigan (the "University") and The Regents of the University of Michigan ("Regents") (collectively "U of M" or "Defendants"), who employed him as a physician from the early 1960s until 2003, when he resigned. Despite numerous reports of sexual abuse against its students and student- athletes, U of M chose to continue enabling and allowing Dr. Anderson's abuse until his voluntary retirement from U of M in 2003. Despite knowledge of Dr. Anderson's sexually assaultive, harassing, and predatory behavior, U of M failed to take any action to protect hundreds if not thousands of vulnerable boys, young men, girls, and young women, including Plaintiff.

1

Plaintiff was a student at U of M from approximately 1980-1985, graduating in 1985. Plaintiff was sexually abused and molested by Dr. Anderson in 1981, in Washtenaw County, State of Michigan, under the guise of medical treatment.

To this day, U of M has not made amends for the horrific history of Dr. Anderson's sexual abuse. Therefore, this lawsuit seeks justice on behalf of Plaintiff John R.S. Doe ("Plaintiff") against the enablers and perpetrator of his sexual abuse and seeks declaratory, injunctive, equitable, and monetary relief. This Complaint has common issues of law and fact with other cases currently pending in the Eastern District of Michigan. *John Doe MC-1 v. The University of Michigan, et al.*, Case Number: 2:20-cv-10568-VAR-EAS has been designated the lead case for these related cases. In many of the companion cases, leave has been granted to proceed under pseudonyms.

## ARGUMENT

Although Fed. R. Civ. P. 10(a) requires that a complaint must state the names of all parties, the United States Court of Appeals for the Sixth Circuit and courts in this District have recognized that under certain circumstances plaintiffs are excused from this general requirement. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does v. Snyder*, 2012 WL 1344412, at *1 (E.D. Mich. Apr. 18, 2012) (recognizing that courts have "supervisory power over their own records and files, which includes the authority to enter protective orders limiting access to certain documents, Fed R. Civ. P. 26(c)") (internal citations omitted). Anonymity is justified when a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Porter*, 370 F.3d at

2

560. The Sixth Circuit has identified the following factors to consider in making this determination:

> (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;"
>
> (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4) whether the plaintiff is a child. *Id.* (paragraph structure altered) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

A court may also consider whether permitting the anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *Snyder*, 2012 WL 1344412, at *2. A court has discretion to grant leave to proceed under a pseudonym, and a "district court's decision to grant a protective order [is reviewed] for an abuse of discretion." *Porter*, 370 F.3d at 560 (citing *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1998)).

Here, Plaintiff's anonymity is warranted because Plaintiff satisfies the first and second factor listed above. Plaintiff's claims in this case will require him to disclose intimate, sensitive, and highly personal information concerning the sexual harassment and assault he suffered as a young man. Plaintiff has incurred substantial psychological, emotional and physical distress as a result of Defendant's unlawful actions in perpetuating his assault and harassment. In the year 2021, and particularly in the context of an already highly publicized case such as this one, it is undeniable that an individual's

history and personal information is easily accessible with a click of a mouse. *See N EW v. N.Y. Blood Center*, 213 F.R.D. 108, 112–13 (E.D.N.Y. 2003) (acknowledging that the "modern invention of today includes access to court files by those surfing the Internet"). Requiring Plaintiff to proceed with this litigation under his true name will ensure that Plaintiff's family, future employers, colleagues, educators, classmates, and friends know about the highly sensitive and emotionally damaging details of the abuses he suffered; therefore, making it impossible for him to avoid constant association with these heinous acts.

Courts have granted anonymity based on circumstances less compelling than those at issue in this case. For example, in *Porter*, the plaintiffs challenged the school board's practice of permitting the teaching of the Christian Bible in public schools. *See Porter*, 370 F.3d at 560. The Sixth Circuit affirmed the lower court's decision allowing the plaintiffs to proceed using pseudonyms, finding plaintiffs' interest in maintaining the privacy of their religious belief (and preventing potential harassment that may be incurred based on such beliefs) justified anonymity. *Id.* at 560. In *Snyder*, the district court allowed the plaintiffs, registered sex offenders, to proceed anonymously based on fear of retaliation and harassment, even though the plaintiffs' status as sex offenders was published in the state's public registry. *Snyder*, 2012 WL 1344412, at *2.

Similarly, in this case, given the highly sensitive nature of sexual assault allegations, Plaintiff's identity must remain anonymous to protect him from public scrutiny and further humiliation. There is no doubt that Plaintiff seeks "to preserve

4

privacy in a matter of sensate and high personal nature" rather than "merely to avoid the annoyance and criticism that may attend the litigation." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Further, permitting Plaintiff to protect his identity from public disclosure will not materially impinge on Defendant's ability to defend against this lawsuit. Notably, Plaintiff is willing to disclose his identity pursuant to the terms of the protective order, attached as **Exhibit A**.

Defendants will incur no prejudice as a result of Plaintiff's use of a pseudonym. *See Porter*, 370 F.3d at 561 (where the protective order allowed counsel to know plaintiffs' names, defendants would not be hindered in their preparation for trial); *Snyder*, 2012 WL 1344412, at *2 (finding that granting the plaintiffs' motion to proceed using pseudonyms would not impinge upon the defendants' ability to defend against the lawsuit because plaintiffs were willing to disclose their names to defendants' counsel upon request); *N.Y. Blood Ctr.*, 213 F.R.D. at 112 (finding the defendants would incur no prejudice in conducting discovery or trying the case if plaintiff proceeded using a pseudonym because defendants already knew plaintiff's name).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to proceed under the pseudonym John R.S. Doe and enter the proposed protective order attached to this Motion as **Exhibit A**.

Respectfully submitted,

5

Dated: October 25, 2021                    **DEBORAH GORDON LAW**

/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com